# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**BENJAMIN KING,**
**Claimant Below, Petitioner**

**FILED**
December 6, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0155** (BOR Appeal No. 2053211)
(Claim No. 2018005549)

**CONSTELLIUM ROLLED PRODUCTS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Benjamin King, by Counsel Edwin H. Pancake, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Constellium Rolled Products, by Counsel Alyssa A. Sloan, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on September 28, 2017. The Office of Judges affirmed the decision in its July 13, 2018, Order. The Order was affirmed by the Board of Review on January 28, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. King, an inspector/packer, alleges that he was injured in the course of his employment on August 24, 2017. The Employees' and Physicians' Report of Injury, completed that day, indicates he was walking when he felt his right knee pop. Mr. King stated that he was unsure if he stepped on something but he was unable to bear weight on the right knee after it popped. The physician's section was completed at Jackson General Hospital and listed the diagnosis as right knee strain.

An August 25, 2017, treatment note from Activate Healthcare indicates Mr. King sought treatment for right knee pain that occurred while he was walking into work. He stated that he was just walking when his right knee popped. He did not trip or stumble on anything. He denied any

1

prior right knee injuries. Mr. King was diagnosed with right knee pain and transferred to the emergency room at Jackson General Hospital. Treatment notes from Jackson General Hospital Emergency Department that day indicate Mr. King was treated by Steven Eshenaur, M.D. A right knee x-ray was normal. Dr. Eshenaur diagnosed right knee sprain and referred Mr. King to an orthopedist.

Mr. King returned to Activate Healthcare on August 29, 2017, where he was diagnosed with right knee pain and released to return to work. On August 31, 2017, Mr. King sought treatment from Kelly Roush, D.C., for right knee pain. He had limited range of motion and swelling. Dr. Roush diagnosed right knee sprain and recommended physical therapy. A second Employees' and Physicians' Report of Injury was completed on September 8, 2017, by Activate Health and Wellness Center. It indicates Mr. King developed right knee pain while walking. The injury was listed as non-occupational.

In a September 15, 2017, letter, Dr. Roush stated that Mr. King was walking into work when he felt his knee pop and experienced sharp pain. She opined that he suffered a traumatic occupational injury and recommended an MRI and physical therapy. Mr. King completed a written statement on September 15, 2017, in which he asserted that he was walking into the plant on August 24, 2017, when he stepped into or onto something and his right knee popped. He was treated and released to return to light duty on August 29, 2019. He asserted that he reported to Jackson General, Dr. Roush, and the plant medical facility that he stepped onto or into something at work, causing his knee to pop. An incident report completed by the employer on September 22, 2017, indicates Mr. King reported he stepped onto or into something at work and injured his right knee. The claims administrator rejected the claim on September 28, 2017.

In an October 6, 2017, treatment note, Dr. Roush noted that Mr. King injured his right knee while walking into work. He was diagnosed with a right knee sprain and treated with physical therapy. On December 4, 2017, Mr. King was treated by Christina Webb, M.D. She indicated he was going to physical therapy for his right knee. He reported joint pain but no muscle aches, weakness, or swelling in his extremities. Dr. Webb diagnosed right knee pain. An MRI was performed on December 8, 2017, and showed a moderate size joint effusion, a small Baker's cyst, and chondromalacia patella.

Mr. King testified in a deposition on March 1, 2018, that he injured his right knee on August 25, 2017, though he accidentally listed the injury date as August 24, 2017. Mr. King stated that he was not sure if he stepped into or onto something on the day of his injury. He was walking on blacktop when the injury occurred but he asserted that there was debris and gravel in the area and the blacktop was uneven. Mr. King testified that he sought treatment from Dr. Roush who diagnosed a hamstring injury. He was still in physical therapy and his knee was improving at the time of the deposition. Mr. King stated that he questioned whether his use of Lipitor could have affected his knee but his physician, Dr. Webb, performed blood work and stated that the medication was not an issue. Mr. King denied any prior right knee problems.

A January 20, 2015, treatment note by Michael Witt, M.D., indicates that Mr. King did have preexisting knee issues. Mr. King was seen for a pre-employment physical in which he

requested that he be disqualified from a position in scalping due to arthritis in both knees. He stated that climbing in and out of the tall steps caused him knee pain. Dr. Witt found mild deformity of the knee joints on examination and diagnosed osteoarthritis of the knees.

The Office of Judges affirmed the claims administrator's rejection of the claim on July 13, 2018. It determined that a preponderance of the evidence indicates Mr. Webb did not sustain an injury as a result of his employment. All of the initial medical records state that he was merely walking at work when his right knee popped. Though he alleges that his employer encouraged the medical providers to inaccurately represent the injury, there is no evidence of record to support such an allegation. The Office of Judges found that Mr. King relied on Dr. Roush's treatment notes in support of his claim. Dr. Roush stated that Mr. King twisted his right knee while at work; however, this is inconsistent with the remainder of the evidence of record. The records from Activate Health and Jackson General both indicate Mr. King was merely walking when his knee popped. They make no mention of a twisting injury. Further, Dr. Roush's initial treatment notes make no mention of a twisting injury. Though Mr. King testified that the blacktop he was walking on was uneven and covered in debris and gravel, he also stated that he was unsure if he stepped on anything. The initial treatment records contain no mention of him stepping on something. The Office of Judges concluded that the weight of the evidence indicates Mr. King was merely walking when his right knee popped. As he was not performing an action unique to his employment at the time of his injury, the injury did not occur as a result of his employment. Further, the record shows Mr. King had preexisting right knee degeneration and even requested a medical disqualification from a position due to bilateral knee arthritis. It was noted at that time that he had deformity in both knees and he was diagnosed with osteoarthritis. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 28, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1 (2017), employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Compensation Commissioner*, 153 W.Va. 796, 172 S.E.2d 698 (1970). In this case, a preponderance of the evidence indicates Mr. King was merely walking into work when his right knee popped. He did not trip, slip, or fall over anything and he was not performing an action that was unique to his job. His knee merely gave out while he was traversing the parking lot. Therefore, his injury did not occur as a result of his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

3

**ISSUED: December 6, 2019**


**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison